## Stockton *v.* George.

*In a bond conditioned to make title when the purchase money is paid, the covenants are dependent; and before the obligee can recover, he must perform, or offer to perform, his part of the agreement; which offer, or performance, must be established by proof on the trial.*

IN ERROR from the circuit court of the county of Itawamba.

This was an action of debt, founded on a title bond given by the plaintiff in error to secure title to forty acres of land, in the state of Alabama. The bond is dated the 21st of January, 1837. The condition recites that the said John C. Stockton had on the day of the date of the bond bargained and sold unto the said James C. George, the north-east fourth of the south-east quarter of section thirty-two, township twenty, range fifteen west, for the sum of four hundred dollars, payable on the 25th December next thereafter, and conditioned that Stockton should make or cause to be made to George, a good and equitable title to said land, when the said George should pay said sum of four hundred dollars. The declaration was in the usual form of debt on the bond, setting out the legal effect of the bond, and reciting the condition, and averring that before the commencement of this suit he had paid the said sum of four hundred dollars to Stockton, and demanded the title, which Stockton failed and refused to make. Plaintiff's damages are laid at one thousand dollars.

Defendant pleaded:

1. Condition performed.

2. Readiness and willingness to perform.

3. That if George would pay the defendant the sum of four hundred dollars, after which defendant was to comply with his covenants, and which payment George has not performed, &c. he would make title.

To these pleas there was a demurrer, which was sustained as

to the first and third pleas, and overruled as to the second plea; replication as to the second plea denying that the defendant was willing and ready and offered to perform. Verdict five hundred and twenty-two dollars, twenty-five cents, and costs.

Before the jury retired a bill of exceptions was taken and signed. By the bill of exceptions it appeared that the defendant in error read in evidence the title bond mentioned in his declaration, and also introduced a witness, who testified that he heard James C. George demand a title of John C. Stockton, who refused, because the said George had not paid for the land: and thereupon the testimony of the plaintiff below closed. Upon which the counsel of the plaintiff in error asked the court to charge the jury that the amount of money, with lawful interest, paid by plaintiff to the defendant upon said bond, was the criterion of damages, and that unless the plaintiff had proved some amount paid, or damages sustained, he could not recover: which the court refused, but charged the jury the covenants in the title bond were independent, and that it was not necessary for the plaintiff to show payment or compliance on his part to enable him to recover, as the amount of the note mentioned in the title bond was the sum that the plaintiff had a right to recover.

Cocke for plaintiff in error.

It is clear from the contract declared on, that the payment of the four hundred dollars, was a condition precedent. It was not sufficient to allege payment in the declaration merely, but proof of payment was absolutely necessary on the part of the plaintiff below, to enable him to sustain the action.

The refusal of the court to charge the jury, that the amount of money, with lawful interest, paid by the plaintiff to the defendant, was the criterion of damages, was erroneous. Equally so was the refusal of the court to charge the jury that the plaintiff could not recover unless he proved some amount paid or damages sustained. Equally untenable was the charge of the court, that the note referred to in the condition of the title bond was the sum that the plaintiff was entitled to recover. This was only so on the condition that the note mentioned had been paid. By the contract, the title was not to be made until the purchase

money should be paid. This has never been done. Surely authorities are not necessary to show that no recovery can be had on such a contract, or the title enforced, until after the payment of the purchase money shall have been made.

The court below committed another error in sustaining the demurrer to the first plea.

To an action on bond, with a collateral condition, plea of condition performed is a good plea. The court should have overruled the demurrer.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of debt, brought in the circuit court of Itawamba county, against the plaintiff in error, upon a bond given for the conveyance of title to a tract of land. The bond was in the usual form, with condition to be void "if Stockton should make title to the land when George should pay him the sum of four hundred dollars." The defendant below craved oyer of the bond, which was granted, and he then filed several pleas, one only of which need here be noticed: that was, that he was ready and willing to make title according to the condition of the bond, whenever the purchase money should be paid. To this plea there was a demurrer, which was sustained by the court, and the parties went to trial upon the other pleas, which resulted in favor of the plaintiff. The case comes to this court by writ of error.

A bill of exceptions was taken upon the trial, by which it appears that the judge charged the jury "that the covenants in the writing obligatory sued on were independent, and that it was not necessary for the plaintiff to show payment or compliance on his part to enable him to recover."

This charge, as well as the decision of the court upon the demurrer to the defendant's plea, was erroneous. "In contracts of this kind the undertakings are always considered dependent, unless a contrary intention clearly appears. This is more just than to hold them to be independent, by which the one or the other might often be compelled to part with his money or his property, without receiving the equivalent for which he stipulated; and it is the obvious inclination of courts to place this construction upon them. Hence, in such cases, if either a vendor or vendee wish to

Stockton *v.* George.

compel the other to fulfil his engagement, he must make his own part of the agreement precedent, and cannot proceed against the other without an actual performance of the agreement on his part, or a tender and refusal.    And an averment to that effect is always made in the declaration upon contracts containing dependent undertakings, and that averment must be supported by proof." The law here laid down is extracted from the case of Bank of Columbia *v.* Hagner, 1 Peters, 465, and is undeniably correct.    The same principle is to be found in Gardner *v.* King, 2 Iredell, 297, and in many other authorities.

In this case, the declaration avers that the plaintiff had paid the purchase money, and without such averment, as the covenants were dependent, it would have been bad upon demurrer.    It follows necessarily, that without proof in support of the averment, recovery could not be legally had.    There is no such evidence in the record, but evidence, on the contrary, that the defendant below refused to make conveyance until he should receive payment.    In this refusal he was justified by his contract.    In the case of Harris *et al. v.* Bolton, we have at this term affirmed the same principle in a suit in equity.    (See ante, page 167.)    We there say, "that before he can recover, the complainant must put the other party in default by performing or offering to perform his part of the agreement."    When he has done this, if the other fails to comply, he is entitled to relief.

The judgment will be reversed and a new trial awarded.